

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00390-CV

MICHAEL REDLICH          APPELLANT

V.

STONEWOOD RANCH          APPELLEE

----------

### FROM COUNTY COURT AT LAW NO. 2 OF DENTON COUNTY
### TRIAL COURT NO. CV-2014-02521

----------

## MEMORANDUM OPINION[1]

----------

On December 10, 2014, we notified Appellant Michael Redlich of our concern that we lack jurisdiction over his attempt to appeal from a county court order sustaining a contest to his affidavit of inability to pay and denying an appeal to the county court from an adverse judgment in the justice court. *See* Tex. R.

---

[1]*See* Tex. R. App. P. 47.4.

Civ. P. 510.9(a), (c)(1)–(3). Redlich filed a response, but it does not show grounds for continuing the appeal.

"Unless a statute authorizes an interlocutory appeal, appellate courts generally only have jurisdiction over final judgments." *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011). We are aware of no statute that authorizes an appeal to this court from the county court's decision on appeal from the justice court denying Redlich's attempt to appeal without furnishing a bond or paying a cash deposit. *See* Tex. R. Civ. P. 510.9(c)(4) (stating only that if county court denies appeal, the appellant may post an appeal bond or make a cash deposit); *McGaughy v. Lamm*, No. 03-99-00643-CV, 2000 WL 147649, at *1 (Tex. App.—Austin Feb. 10, 2000, no pet.) ("We find no statute authorizing appeal to us from the county court's decision on appeal from the justice court rejecting McGaughy's attempt to appeal without paying costs; it is not among the list of appealable interlocutory orders."); *see also Torrance-Bey v. Bank of Am., N.A.*, No. 02-13-00131-CV, 2013 WL 5517906, at *1 (Tex. App.—Fort Worth Oct. 3, 2013, no pet.) (mem. op.) (dismissing attempted appeal from county court order sustaining contest to appellant's affidavit of indigency seeking to proceed in trial court without prepayment of costs). Accordingly, because the order is neither a final judgment nor an appealable interlocutory order, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

PER CURIAM

2

PANEL:  MEIER, J.; LIVINGSTON, C.J.; and GABRIEL, J.

DELIVERED:  January 15, 2015